## Bryant v. Commonwealth.

May 12, 1944

Sylvester V. Little for appellant.

Eldon S. Dummit, Attorney General, and M. J. Sternberg, Assistant Attorney General, for appellee.

OPINION OF THE COURT BY PERRY, COMMISSIONER—Reversing.

The defendant, Clarence (Red) Bryant, having been charged by warrant, issued by the judge of the Laurel quarterly court, with the offense of having moonshine liquor in his possession for purpose of sale in local option territory, was upon trial, without the intervention of a jury, heard by the court, found guilty and sentenced to a fine of $50 and 30 days' imprisonment in the county jail.

From that judgment an appeal was prosecuted through the procedure provided by the Criminal Code of Practice, to the Laurel circuit court, where, upon calling the case for trial, the commonwealth's attorney moved the court to dismiss the appeal, upon the ground that as the Laurel quarterly court had concurrent jurisdiction in this character of case with the Laurel circuit court, under 242.990, sub-section 3, KRS, providing that: "Quarterly courts, justices of the peace and police courts shall have concurrent jurisdiction with the circuit court in the trial of all (local option) offenses * * *, where the penalty does not exceed a fine of one hundred dollars and imprisonment in the county jail for not exceeding sixty days," the circuit court was without jurisdiction to entertain the appeal.

The circuit court, sustaining the commonwealth's motion, entered an order dismissing the appeal, citing in support of its ruling and order section 133, Robertson's Criminal Law, announcing the rule that: "Where different courts have equal or concurrent jurisdiction of the same offenses the one which first acquires it has exclusive jurisdiction, and the verdict or decision rendered in that court constitutes former jeopardy and is a bar to a subsequent trial in the other," etc.

The court, conceiving that the rule as thus declared in the quoted extract was here applicable and controlling, stated in its opinion that as there could be no dispute but that the judge of the Laurel quarterly court had jurisdiction to try the case and that it was upon his warrant and in his court that the case was tried, it was for all intents and purposes tried and that the remedy of the defendant was by appeal therefrom to the Court of Appeals and not to a court, as had the circuit court, having concurrent jurisdiction of the offense for which defendant was convicted. Accordingly, such being his conclusion, the motion of the commonwealth's attorney was sustained and an order entered purporting to dis-

miss the appeal and remand the case to the quarterly court, where an appeal might properly be prosecuted from its judgment of conviction to the Court of Appeals.

The appellant, Bryant, questioning the propriety of that ruling and order, has brought his appeal therefrom to this court.

It is agreed that the one question presented in this case is: "Can or cannot a defendant, who has been tried in a quarterly court, appeal a judgment for a fine, which is imposed upon him in a quarterly court, to a circuit court, where the fine is $50 and thirty days in jail?"

It is the contention and argument of the appellant and also of the attorney general that the circuit court erred in dismissing appellant's appeal prosecuted in this case from the judgment of the Laurel quarterly court, where the judgment was for a fine of $50 and imprisonment in the county jail for a period of thirty days, the legislature having seen fit to allow this type of appeal when enacting our Criminal Code of Practice, by section 362 of which it is provided: "If a judgment against a defendant on a trial before a county judge, or in a justice's court, or in a city or police court, unless otherwise provided in the statutes creating or regulating it, be for imprisonment or for a fine of twenty dollars or more, he shall have the right of appeal to the circuit court of the county in which the judgment is rendered."

Further, by section 366 of the Code, it is provided that: "Upon the appeal the case shall be tried anew, as if no judgment had been rendered, and the judgment shall be considered as affirmed if judgment for any amount be rendered against the defendant, and thereupon he shall be adjudged to pay the costs of the appeal."

We are of the opinion that these quoted code provisions not only answer and dispose of the grounds assigned by the circuit court as supporting its order dismissing the appeal, but also clearly establish that an appeal may be taken to the circuit court, as was here done.

Therefore, such being our conclusion, the judgment of the circuit court is reversed and the cause remanded for further proceedings consistent with this opinion.